UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SEAN FORESTER-HOARE,

               Plaintiff,

v.

JOHN KIND, DANIEL CUSHING, WILLIAM SWIEKATOWSKI, MICHELLE HAESE, DYLON RADTKE, SCOTT PAGEL, MICHAEL WASIELEWSKI, JAMES KENT, TONIA ROZMARYNOSKI, ANDREW WICKMAN, ALEJANDRA MEJIA, JAMES ELSINGER, JAY VANLANEN, MICHAEL COLE, MICHAEL SCHULTZ, JODENE PERTTU, ROSS HOFFMAN, STEPHANIE HOVE, SARAH COOPER, MATTHEW GREENWOOD, KEVIN CARR, TODD HAMILTON, ALLEAH PYNENBERG, HILLARY BERG, RACHEL MATUSHAK, AMY VOGELS, KIM DORSEY, JAMIE WERTEL, CHRIS HEIL, ANGELA HANSEN, SANDRA DEYOUNG, MIRANDA SCHORNACK, JAMES KOEHLER, KORTNEY JOHNSON-DEBAUCHE, ANTHONY MATUSHAK, CHRISTOPHER STEVENS, and CASSANDRA BAIER,

               Defendants.

Case No. 23-CV-537-JPS

**ORDER**

---

      Plaintiff Sean Forester-Hoare, an inmate confined at Green Bay Correctional Institution ("GBCI") filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On November 13, 2023, the Court screened Plaintiff's amended complaint and

allowed Plaintiff to proceed an Eighth Amendment deliberate indifference claim against Defendants for their deliberate indifference to protect Plaintiff from a known risk of serious danger. ECF No. 48 at 15. The Court also ordered Defendant GBCI Warden Stevens to file a response to Plaintiff's most recent motion for a preliminary injunction, ECF No. 15, to address whether Plaintiff is currently at risk of harm from other inmates, why he is in restrictive housing as opposed to protective custody, and what steps, if any, are being taken to protect him. *Id.* at 15–16.

Defendant Stevens erroneously missed his deadline to respond and filed a motion for an extension of time after the deadline. ECF No. 54. The Court granted the extension, ECF No. 56, and Defendant Stevens filed his response on December 15, 2023, ECF No. 62. Plaintiff filed a motion for reconsideration of the Court's decision to extend the deadline, ECF No. 64, a reply brief in support of his motion for a preliminary injunction, ECF No. 65, and a motion to strike Defendant's response to Plaintiff's motion for a preliminary injunction, ECF No. 66. For the reasons explained below, the Court will deny Plaintiff's motion for reconsideration, deny Plaintiff's motion to strike Defendants' response, and deny, without prejudice, Plaintiff's motion for a preliminary injunction.

1.   **MOTION FOR RECONSIDERATION AND TO STRIKE**

To begin, the Court will deny Plaintiff's motion for reconsideration and motion to strike Defendant's response. Because there has not yet been a final judgment in this case, Federal Rule of Civil Procedure ("Rule") 54(b) governs Plaintiff's motion for reconsideration. *See Bhatia v. Vaswani*, No. 18-CV-2387, 2020 WL 3578004, at *2 (N.D. Ill. July 1, 2020). Under Rule 54(b), "any order or other decision [ ] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action

as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987), opinion amended on denial of reh'g, 835 F.2d 710 (7th Cir. 1987) (affirming district court's denial of motion to reconsider under Rule 54(b)).

Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was "clearly erroneous and would work a manifest injustice*." See Ghashiyah v. Frank*, 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)) (internal quotation marks omitted). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *Id.* (citation and internal quotation marks omitted).

Here, Plaintiff's motion for reconsideration does not meet the high burden necessary to succeed. Plaintiff takes issue with the fact that he was not allowed to respond to Defendant's motion for an extension of time prior to the Court's order. Plaintiff is of course correct that the normal course of a motion would allow time for a response and possibly a reply, if applicable. The Court has the inherent authority to manage its docket, however, and the Court deliberately chose to rule on the motion for an extension of time without full briefing in order to more quickly address the merits of the request for a preliminary injunction.

Counsel for Defendant Stevens made a human error in not timely responding to the pending motion for a preliminary injunction. Counsel acknowledged and thoroughly explained that error in the motion for an extension of time and accompanying documents. As a consequence of this error, Plaintiff believes that his motion for a preliminary injunction should

be granted as unopposed and the Court should completely disregard Defendant's argument. Plaintiff's position is simply untenable. As explained below Plaintiff requests the extraordinary remedy of a preliminary injunction for the Court to interfere with prison officials' discretion and authority to determine the placement of Plaintiff within the Wisconsin Department of Corrections. Understanding Defendant's position regarding Plaintiff's request for preliminary relief was essential for the Court to make a sound decision. And, as explained in the Court's order granting the extension of time, the short extension of time at issue did not prejudice Plaintiff to the extent that the motion should not have been granted. As such, the Court is obliged to deny Plaintiff's motion for reconsideration and motion to strike Defendant's response.

2. **PRELIMINARY INJUNCTION**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court must balance the harm to each party and to the public interest from granting or denying the injunction. *See Wood*, 496 F.3d

at 622; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In the context of prisoner litigation, the scope of a court's authority to issue an injunction (including a TRO) is circumscribed by the Prison Litigation Reform Act ("PLRA"). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

Here, the Court will deny Plaintiff's motion, without prejudice, because the relief that Plaintiff seeks and the facts surrounding his request are unclear. Extremely serious interests are at stake on both sides regarding the issue before the Court. On the one hand, preliminary injunctions are extraordinary remedies and prison officials have broad administrative and discretionary authority over the institutions they manage; the Court is further limited by the PLRA to narrow any relief to be the least intrusive means necessary to correct a harm. On the other hand, Plaintiff maintains that he will be killed absent court intervention, and the Court does not take this allegation lightly. As discussed below, further development of the issues by *both* parties is necessary for the Court to have a full understanding of the issues at stake.

Plaintiff requests that the Court grant a preliminary injunction to place temporary restraining orders on all defendants, stipulate that they be

kept in place until the resolution of this case or at least until he is transferred to another prison, to be immediately transferred to another prison that is not Waupun Correctional Institution or Columbia Correctional Institution, and never to be returned to GBCI again. ECF No. 15. Plaintiff does not elaborate on what type of restraining order he wants against all defendants. His brief focuses on the life-threatening danger he faced at prior facilities and believes he currently faces at GBCI as a result of Defendants' actions. ECF No. 16. Prior to his arrest, Plaintiff started at the police academy. *Id.* at 3. Because of his status as law enforcement within the prison system, Plaintiff has been assaulted dozens of times in jail and prison and has been stabbed on three separate occasions. *Id.* Gangs have placed hits on Plaintiff for other inmates to assault, rape, or kill him, and the Department of Corrections was aware of this. *Id.*

Plaintiff maintains that Defendants are denying him protective custody ("PC") in retaliation for reporting assaults against him and filing complaints and lawsuits. *Id.* Plaintiff's original transfer paperwork to GBCI said he was to be placed on PC and housed in a treatment center. *Id.* at 4. However, before Plaintiff arrived at GBCI, "everything was cancelled," Plaintiff was not placed on PC, and he received no healthcare. *Id.* Plaintiff states that threats to his life, encouraging gangs to assault him, have been caught on video. *Id.* Plaintiff maintains that no less than sixteen investigations proved that he is in life-threatening danger, but that staff refuses to return him to PC or to transfer him. *Id.* It is unclear to the Court specifically when the threats occurred, and, if in the past, how they pose a current risk to Plaintiff's safety.

Given this background, the Court will deny Plaintiff's motion without prejudice. Should Plaintiff choose to renew his motion, he should

provide the following information to clarify his request for preliminary relief: (1) the specific injunctive relief he seeks; (2) a concise statement, no longer than five pages, of all the threats made to his safety, including the dates of all threats and who made the them; (3) why a transfer to another prison would reduce any threat to his safety if his status as law enforcement is the underlying reason for the threats; and (4) why remaining in restricted housing within GBCI would pose a risk to his safety.

Finally, and although the Court is denying Plaintiff's current motion, the Court discusses Defendants' response in order to clarify its expectations for any future responses on this topic. The Court understands that Defendants had limited time to prepare its response brief, however, the response is perfunctory and provides only conclusory assertions that leave the Court with more questions than answers about Plaintiff's status at GBCI. Any future response must contain more detail in order for the Court to fully understand any risk to Plaintiff's safety.

Defendants assert that Plaintiff is not in PC and has never been placed in PC "because there has never been any substantiation of a credible threat against Mr. Forester-Hoare from other inmates." ECF No. 62 at 2. Defendants' response does not, however, address the videos that allegedly show threats to Plaintiff. For example, Plaintiff's inmate complaint GBCI 2022-9816 was affirmed based on video evidence of threats to cause harm to Plaintiff in general population. *See* ECF No. 16-1 at 29. In affirming Plaintiff's complaint, the examiner stated, "Specific threats related to this complaint heard were for Forester-Hoare to go to GP so an unidentified inmate could 'beat your (his) head in' and 'kill his mother too.' This examiner recommends this complaint be affirmed since threats to cause harm to Forester-Hoare in GP were heard." *Id.* This competing evidence

Page 7 of 8
Case 2:23-cv-00537-JPS    Filed 01/11/24    Page 7 of 8    Document 69

appears to tell two stories; further explanation from Defendants regarding threats to Plaintiff (whether later deemed to be credible or not) is necessary for the Court to understand any risk to Plaintiff's safety.

Additionally, any future response from Defendants should carefully explain PC, what it entails and how it is different than restricted housing, when inmates are placed in it, and specific information regarding the denial of PC to Plaintiff. Plaintiff maintains that his transfer papers to GBCI placed him on PC but were later changed in retaliation. While the Court certainly understands that Plaintiff's version may not be true, the Court seeks a full explanation of Plaintiff's PC history or lack thereof in any future response brief.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration and motion to strike Defendants' response, ECF Nos. 64, 66, be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary relief, ECF No. 15, be and the same is hereby **DENIED without prejudice**; Plaintiff may renew his motion based on the Court's guidance and any future response from Defendants must comply with the instructions in this Order.

Dated at Milwaukee, Wisconsin, this 11th day of January, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge