UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SEAN FORESTER-HOARE,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN KIND, DANIEL CUSHING, WILLIAM SWIEKATOWSKI, MICHELLE HAESE, DYLON RADTKE, SCOTT PAGEL, MICHAEL WASIELEWSKI, JAMES KENT, TONIA ROZMARYNOSKI, ANDREW WICKMAN, ALEJANDRA MEJIA, JAMES ELSINGER, JAY VANLANEN, MICHAEL COLE, MICHAEL SCHULTZ, JODENE PERTTU, ROSS HOFFMAN, STEPHANIE HOVE, SARAH COOPER, MATTHEW GREENWOOD, KEVIN CARR, TODD HAMILTON, ALLEAH PYNENBERG, HILLARY BERG, RACHEL MATUSHAK, AMY VOGELS, KIM DORSEY, JAMIE WERTEL, CHRIS HEIL, ANGELA HANSEN, SANDRA DEYOUNG, MIRANDA SCHORNACK, JAMES KOEHLER, KORTNEY JOHNSON-DEBAUCHE, ANTHONY MATUSHAK, CHRISTOPHER STEVENS, and CASSANDRA BAIER,<br><br>      Defendants. | Case No. 23-CV-537-JPS<br><br><br>**ORDER** |

    Plaintiff Sean Forester-Hoare, an inmate confined at Green Bay Correctional Institution ("GBCI") filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On November 13, 2023, the Court screened Plaintiff's amended complaint and

allowed Plaintiff to proceed on the following claims: (1) an Eighth Amendment deliberate indifference claim against all defendants for their deliberate indifference to protect Plaintiff from a known risk of serious danger; (2) A First Amendment retaliation claim against Defendants Cushing, Swiekatowski, Kind, Haese, and Radtke; and (3) an Eighth Amendment conditions of confinement claim against Defendants Lt. Matushak and Rozmarynowski for intentionally and repeatedly placing Plaintiff in feces-covered cells. ECF No. 48 at 15. On January 22, 2024, the Court entered a scheduling order with a September 23, 2024 summary judgment deadline. ECF No. 72.

On July 12, 2024, the Court denied Plaintiff's motion for a preliminary injunction and motion for sanctions. ECF No. 98. On July 29, 2024, Plaintiff filed a notice of interlocutory appeal. ECF No. 102. Currently pending before the Court are: Plaintiff's motion to compel; Plaintiff's motion for sanctions; Plaintiff's motion to intervene; Plaintiff's motion for leave to terminate, to deny, to limit depositions; Defendants' motion to sever and motion to stay schedule; Plaintiff's motion to compel pre summary judgment conference; Plaintiff's second motion to compel discovery request and sanctions; Plaintiff's motion for sanctions; Plaintiff's motion to stay case pending appeal; Plaintiff's motion to amend motion to compel;, and Plaintiff's motion for mediation. ECF Nos. 86, 88, 90, 95, 107, 109, 110, 111, 112, 113, 126.

On October 4, 2024, the Court held a status hearing based on the parties' request. ECF No. 125. During that hearing, the parties agreed to confer on a number of issues in an effort to resolve the numerous pending motions. On November 11, 2024, Defendants submitted a letter

summarizing the parties' positions for the case to move forward. ECF No. 128. On November 18, 2024, Plaintiff filed a response. ECF No. 130.[1]

First, the Court will deny Plaintiff's motion to stay the case pending appeal of the preliminary injunction issue. In some instances, "the entire case is essentially 'involved in the appeal,' " and so all proceedings at the district court should be stayed pending the interlocutory appeal. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023). This is not one of those cases. The interlocutory appeal will focus on the narrow issue of Plaintiff's current safety and whether preliminary relief was warranted. The case as a whole currently has three separate claims and the question of whether Plaintiff can succeed on the merits of his failure to protect claim is different than whether he was entitled to preliminary relief. The Court therefore finds that the interests of justice will best be served by the case proceeding forward in a timely fashion.

Second, the Court will grant Defendants' motion to sever. Defendants seek to sever the three claims in this case into three separate cases. ECF No. 107. Plaintiff opposes severance of the claims. ECF Nos. 115, 128. Federal Rule of Civil Procedure 21 provides, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The district court has "broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). Claims may be severed, and the severance may create two separate proceedings, provided the claims are "'discrete and separate.'" *Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (quoting *Rice,* 209 F.3d at 1016). "The severance

---

[1] Plaintiff's filing is extremely difficult to read, and the Court has done its best to interpret the response.

Page 3 of 7
Case 2:23-cv-00537-JPS     Filed 01/15/25     Page 3 of 7     Document 133

of claims does not require a showing of misjoinder, and severance of claims is within the broad discretion of the trial court." *Oplus Techs., Ltd. v. Sears Holding Corp.,* No. 11-CV-9029, 2012 WL 2400478, at *3 (N.D. Ill. June 21, 2012) (citing *Rice,* 209 F.3d at 1016).

      Here, the Court exercises its discretion to sever the three claims at issue in this case into three separate cases.[2] While the claims could proceed in a single case due to the common defendants among them, the Court finds it preferable to sever the claims to avoid potential juror confusion should the claims proceed to trial. Further, the central and most pressing issue in this case is Plaintiff's Eighth Amendment claim against all defendants for their failure to protect him from a known risk of serious danger. That claim alone will proceed in this case and the parties must file summary judgment on that issue on or before **May 1, 2025**.[3] The Court understands that Plaintiff opposes severance of the case due to his current ability to litigate; however, the Court will freely consider motions for extensions of time if needed and will attempt to schedule dates in the cases to accommodate all parties' needs.

      In order to effectuate severance of the claims in this case, the Court instructs the Clerk of Court to open two new cases with the amended

---

[2]The Court acknowledges that it previously barred Plaintiff from proceeding in more than two cases at the same time. *See* ECF No. 21. Given the fact that the Court is exercising its discretion to sever this case, the filing bar will not apply to these two cases.

[3]The Court understands logistically why Defendants seek to replace the thirty-seven named Defendants with the DOC secretary for the purposes of injunctive relief. However, given Plaintiff's opposition to the request and the possibility of monetary damages in addition to injunctive relief, the Court is unwilling to make that substitution at this juncture. The Court presumes that Defendant GBCI Warden Stevens would have the authority to grant injunctive relief in the event that became necessary.

complaint, ECF No. 27, being the operative complaint and Defendants' answer, ECF No. 67, being the operative responsive pleading.[4] The Clerk of Court shall include the amended complaint, ECF No. 27, Defendants' answer, ECF No. 67, the screening order, ECF No. 48, and a copy of this Order in the two new cases. One new case will proceed on a First Amendment retaliation claim against Defendants Cushing, Swiekatowski, Kind, Haese, and Radtke. The second new case will proceed on an Eighth Amendment conditions of confinement claim against Defendants Lt. Matushak and Rozmarynowski for intentionally and repeatedly placing Plaintiff in feces-covered cells. Plaintiff does not have to pay an additional filing fee, and he is allowed to proceed without prepayment of the filing fee in the two new cases. Once the new cases are opened, the Court will enter scheduling orders in due course.

Third, the Court orders Plaintiff to immediately agree to a sit for a deposition within a reasonable timeframe. The Court has previously granted Defendants the ability to depose up to five incarcerated individuals *without* leave of the Court. ECF No. 72 at 10. Defendants have a right to depose Plaintiff and to develop their defense. *See* Fed. R. Civ. P. 30. The Court will not tolerate Plaintiff's general refusal to sit for a deposition and he is hereby warned that his case may be dismissed without further notice if he fails to cooperate with this obligation.

Finally, the Court will deny as moot the remaining pending motions because Defendants indicate that they have been resolved. *See* ECF No. 128. The Court acknowledges that Plaintiff generally opposes everything Defendants say and filed his response to correct their "deception." *See* ECF

---

[4]The Court will freely give Defendants leave to amend their answers if necessary.

No. 130 at 1. However, Plaintiff does not provide details as to the allegedly outstanding discovery and it is unclear what information he still seeks. As such, a refresh of these issues is needed, especially in light of the severance of the case. The new deadline for summary judgment will allow the parties additional time to work through their discovery issues. As this case (and the two new cases) move forward, the Court expects the parties to continue to work collaboratively with each other before inundating the Court with more unnecessary motions.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to stay case pending appeal, ECF No. 112, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' motion to sever and motion to stay schedule, ECF No. 107, be and the same is hereby **GRANTED**; this case will proceed only on Plaintiff's Eighth Amendment deliberate indifference claim against all defendants for their deliberate indifference to protect Plaintiff from a known risk of serious danger;

**IT IS FURTHER ORDERED** that summary judgment motions in this case must be filed on or before **May 1, 2025**;

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to open two new cases with the amended complaint, ECF No. 27, being the operative complaint in both cases and Defendants' answer, ECF No. 67, being the operative responsive pleading. The Clerk of Court shall include the amended complaint, ECF No. 27, Defendants' answer, ECF No. 67, the screening order, ECF No. 48, and a copy of this Order in the two new cases. One new case **(Case No. 25-CV-64)** will proceed on a First Amendment retaliation claim against Defendants Cushing, Swiekatowski, Kind, Haese, and Radtke. The second new case **(Case No. 25-CV-65)** will proceed on an

Eighth Amendment conditions of confinement claim against Defendants Lt. Matushak and Rozmarynowski for intentionally and repeatedly placing Plaintiff in feces-covered cells. Plaintiff does not have to pay an additional filing fee, and he is allowed to proceed without prepayment of the filing fee in the two new cases;

    **IT IS FURTHER ORDERED** that Plaintiff's motion to compel, ECF No. 86, Plaintiff's motion for sanctions, ECF No. 88, Plaintiff's motion to intervene, ECF No. 90, Plaintiff's motion for leave to terminate, to deny, to limit depositions, ECF No. 95, Plaintiff's motion to compel pre summary judgment conference, ECF No. 109, Plaintiff's second motion to compel discovery request and sanctions, ECF No. 110, Plaintiff's motion for sanctions, ECF No. 111, Plaintiff's motion to amend motion to compel, ECF No. 113, and Plaintiff's motion for mediation, ECF No. 126, be and the same are hereby **DENIED as moot**.

    Dated at Milwaukee, Wisconsin, this 15th day of January, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 7 of 7
Case 2:23-cv-00537-JPS    Filed 01/15/25    Page 7 of 7    Document 133