UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SEAN FORESTER-HOARE,

           Plaintiff,

v.

JOHN KIND, DANIEL CUSHING, WILLIAM SWIEKATOWSKI, MICHELLE HAESE, DYLON RADTKE, SCOTT PAGEL, MICHAEL WASIELEWSKI, JAMES KENT, TONIA ROZMARYNOSKI, ANDREW WICKMAN, ALEJANDRA MEJIA, JAMES ELSINGER, JAY VANLANEN, MICHAEL COLE, MICHAEL SCHULTZ, JODENE PERTTU, ROSS HOFMANN, STEPHANIE HOVE, SARAH COOPER, MATTHEW GREENWOOD, KEVIN CARR, TODD HAMILTON, ALLEAH PYNENBERG, HILLARY BERG, RACHEL MATUSHAK, AMY VOGELS, KIM DORSEY, JAMIE WERTEL, CHRIS HEIL, ANGELA HANSEN, SANDRA DEYOUNG, MIRANDA SCHORNACK, JAMES KOEHLER, KORTNEY JOHNSON-DEBAUCHE, ANTHONY MATUSHAK, CHRISTOPHER STEVENS, and CASSANDRA BAIER,

           Defendants.

Case No. 23-CV-537-JPS

**ORDER**

---

Plaintiff Sean Forester-Hoare, an inmate confined at Green Bay Correctional Institution ("GBCI") filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On November 13, 2023, the Court screened Plaintiff's amended complaint and

allowed Plaintiff to proceed on the following claims: (1) an Eighth Amendment deliberate indifference claim against all defendants for their deliberate indifference to protect Plaintiff from a known risk of serious danger; (2) A First Amendment retaliation claim against Defendants Cushing, Swiekatowski, Kind, Haese, and Radtke; and (3) an Eighth Amendment conditions of confinement claim against Defendants Lt. Matushak and Rozmarynowski for intentionally and repeatedly placing Plaintiff in feces-covered cells. ECF No. 48 at 15. On January 15, 2025, the Court severed the claims into three separate cases. ECF No. 133. The claim proceeding in this case is the Eighth Amendment deliberate indifference claim against all defendants for their deliberate indifference to protect Plaintiff from a known risk of serious danger. *Id.* On May 23, 2025, the Court denied Plaintiff's motion for reconsideration of the Court's decision to sever the cases. ECF No. 165.

On June 11, 2025, the Court held a status conference to address the discovery issues and the various pending motions. ECF No. 174. During the hearing, the parties disagreed about whether discovery had been completed. *Id.* The Court ordered Defendants to provide Plaintiff with any outstanding discovery by June 30, 2025. *Id.*

Once again, this case has "spiraled out of control." *See* ECF No. 165 at 3. There are currently sixteen motions pending before the Court. These motions, largely filed in quick succession, include: (1) Plaintiff's motion to stay the case and extend the summary judgment deadline; (2) Plaintiff's motion to compel discovery; (3) Plaintiff's motion to terminate deposition and strike from the record; (4) Plaintiff's motion for summary judgment; (5) Plaintiff's motion for sanctions for refusal to comply with discovery; (6) Plaintiff's second motion for sanctions for non-compliance; (7) Plaintiff's

Page 2 of 12
Case 2:23-cv-00537-JPS   Filed 10/09/25   Page 2 of 12   Document 189

second motion to compel; (8) Defendants' motion to dismiss or in the alternative for summary judgment; (9) Plaintiff's motion to amend/correct motion for summary judgment; (10) Plaintiff's amended motion for summary judgment; (11) Defendants' motion requesting a combined response deadline to motions pending resolution of Defendants' summary judgment; (12) Plaintiff's motion for default judgment due to Defendants' refusal to comply with Court's June 11, 2025 order; (13) Plaintiff's motion for sanctions on Defendant John Kind; (14) Plaintiff's motion for default judgment; (15) Plaintiff's motion for sanctions on Attorney Jonathon Davies; and (16) Plaintiff's motion to strike Defendants' response to Plaintiff's motions. ECF Nos. 135, 137, 139, 140, 144, 147, 148, 151, 154, 155, 160, 164, 175, 179, 180, 187.

First, the Court will deny Plaintiff's motion to stay the case but will grant his motion to extend the summary judgment deadline. ECF No. 135. The Court will discuss this issue in detail at the end of this order. Needless to say, however, this case must proceed in a timely fashion, and Plaintiff has not proffered justification for a stay after this long pause to address discovery issues.

Next, the Court will deny the discovery related motions filed prior to the Court's status hearing (Plaintiff's motion to compel discovery, Plaintiff's motion for sanctions for refusal to comply with discovery, Plaintiff's motion for sanctions for non-compliance, Plaintiff's second motion to compel, Defendants' motion for a combined response, and Plaintiff's motion for default judgment), ECF Nos. 137, 144, 147, 148, 160, 164, as moot. These requests occurred well before the Court ordered Defendants to provide any outstanding discovery at the June 11, 2025 status hearing. Plaintiff has since filed new discovery motions that the Court will

address below. The Court notes that the status of any depositions for Defendants is still unclear; Defendants indicated at the status hearing that they had not received any notices for depositions. ECF No. 174.

Moreover, the Court will deny Plaintiff's motion to terminate deposition and strike from the record. ECF No. 139. Federal Rule of Civil Procedure Rule 30 governs behavior during a deposition. Objections during examination "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). "The only grounds for not answering a question at a deposition are to: (1) preserve privilege; (2) enforce a limitation ordered by the court; or (3) present a motion under Rule 30(d)(3) to terminate or limit a deposition on the ground that 'it is being conducted in bad faith or in a manner than unreasonably annoys, embarrasses, or oppresses the deponent or party.'" *Johnson v. Statewide Investigative Services, Inc.*, No. 20 C 1514, 2021 WL 825653, at *2 (N.D. Ill. Mar. 4, 2021) (quoting Fed. R. Civ. P. 30(c)(2), 30(d)(3)(A)). If a party or deponent objects to a question for any other reason (such as relevance), the court reporter must note the objection, "but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). Accordingly, under Rule 30, a party cannot refuse to answer a question for lack of relevancy. *See, e.g., Williams v. Ortiz*, No. 14-CV-792-PP, 2017 WL 499996, at *7 (E.D. Wis. Feb. 7, 2017). Plaintiff believes Defendants conducted his deposition in bad faith because they asked Plaintiff questions about their proposed findings of facts. ECF No. 139 at 1. Plaintiff states Defendants "did not depose" him and "[a]ll they did was ask [him] if proposed findings of fact on their list was correct…." *Id.* Plaintiff believes this line of questioning constituted gross misconduct. *Id.* Defendants submitted a transcript of the deposition along with the

deposition exhibit of their proposed joint statement of facts for summary judgment purposes. ECF No. 149, 149-1. Plaintiff does not point to any specific portion of the deposition as being conducted in bad faith. Plaintiff explained to defense counsel that he felt like he was being cut out of the process in making a joint statement of facts. ECF No. 149-1 at 6. In response, defense counsel explained that they could potentially schedule another meeting to address Plaintiff's facts and that he was "just going to ask [Plaintiff] questions about the [proposed joint statement of fact] document." *Id.* The deposition continued with Plaintiff raising at various times the issue that he believed it was a deposition as opposed to a conference. *See, e.g., id.* at 8, 9, 14.

The Court does not find any facts to suggest that the deposition was conducted in bad faith. The Court understands that Plaintiff proceeds pro se and may have been confused about the nature of a deposition. As indicated above, there is broad discretion to ask questions during a deposition and a party may not refuse to answer a question for lack of relevancy. Counsel is not required to provide deponents questions in advance of a scheduled deposition. *See generally* Fed. R. Civ. P. 30. Plaintiff has not pointed to a specific portion of the deposition that he found to be conducted in bad good faith. Generally speaking, however, the Court does not find that counsel's questions regarding the proposed facts were conducted in bad faith. In preparing joint facts, one party must inevitably begin the process of determining which facts the parties agree or disagree about. Counsel asking questions about the facts of this case did not preclude Plaintiff from submitting additional facts to any joint statement of facts or from submitting his own disputed facts. As such, the Court does not find that the deposition was conducted in bad faith, and the Court will therefore

deny Plaintiff's motion. As discussed below, Plaintiff will have to opportunity to submit his own facts and responses to summary judgment in future filings.

Additionally, the Court will deny without prejudice Plaintiff's motion for summary judgment, Plaintiff's motion to amend/correct motion for summary judgment, and Plaintiff's amended motion for summary judgment. ECF Nos. 140, 154, 155. The Court's original scheduling order contained specific requirements regarding the Court's summary judgment procedure, including but not limited to a meet and confer requirement prior to filing. *See* ECF No. 72 at 2–5. Plaintiff did not comply with the Court's summary judgment protocols in these filings. As such, the Court will deny Plaintiff's motions without prejudice. As discussed below, Plaintiff will have the opportunity to refile his motions. The Court notes, however, that Plaintiff's position thus far in the case suggests that he believes factual disputes exist on the material facts. In light of Plaintiff's position thus far, the Court notes that summary judgment may not be appropriate.

Further, the Court will deny Defendants' motion to dismiss or in the alternative for summary judgment without prejudice. ECF No. 151. Again, the Court notes that some discovery was still potentially outstanding at the time this motion was filed, and the Court will consider new summary judgment motions as specifically requested by Defendants. *See* ECF No. 183 at 4. At this juncture, the Court finds that the harsh sanction of dismissal for the failure to prosecute is unwarranted for Plaintiff's conduct related to his deposition. While the Court does not find that Plaintiff's deposition was conducted in bad faith, Plaintiff seeking protection under Rule 30(d) is understandable, especially considering his pro se status.

Next, the Court will deny Plaintiff's motion for sanctions on Defendant John Kind. ECF No. 175. Plaintiff seeks sanctions based on Defendant Kind's alleged lies to the Court in his declarations. The Court previously denied Plaintiff's motions for sanctions against Defendant Kind for alleged lies, ECF No. 98 at 11–13, and the Court will deny Plaintiff's renewed motion for sanctions for the same reasons. The Court does not find Plaintiff has shown at this stage that Kind's declaration contains intentional lies. As such, the Court will deny Plaintiff's motion for sanctions against Kind.

In addition, the Court will deny Plaintiff's motion for default judgment for Defendants' refusal to comply with the Court's June 11, 2025 order to provide Plaintiff with any outstanding discovery. ECF No. 179. District courts have broad authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Emerson v. Dart*, 900 F.3d 469, 473 (7th Cir. 2018) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). "Though 'particularly severe,' the sanction of dismissal is within the court's discretion." *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). Sanctions issued under the Court's inherent powers are justified if the offender willfully abuses the judicial process or litigates in bad faith. *See Emerson v. Dart*, 900 F.3d 469, 473 (7th Cir. 2018). Sanctions, including dismissal, must be proportionate to the circumstances. *See Nelson v. Schultz*, 878 F.3d 236, 238–39 (7th Cir. 2017). Pro se litigants are entitled to a certain amount of assistance and understanding from courts. *See Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir. 1987); *Miller v. Marshall*, 457 B.R. 684, 690-91 (N.D. Ill. 2011).

Plaintiff maintains in his filings that Defendants failed to provide any requested discovery. He states that Defendants "willfully disobeyed the Courts[sic] 6/11/25 order and have sent no requested discovery at all." ECF No. 179 at 2. Contrastingly, Plaintiff attaches fifty-two pages of Defendants' discovery responses, signed on June 27, 2025, with his motion. ECF No. 179-2. In even sharper contrast, Defendants in response submitted 361 pages of discovery responses. ECF No 183-1. Defendants indicate that they arranged for institution staff to hand deliver the discovery and that the delivery was captured on video. ECF No. 183 at 2. The Court will deny Plaintiff's motion for sanctions because the record clearly indicates that Plaintiff received discovery responses.

In making this determination, the Court points out that Plaintiff's motion contains blatant false statements to the Court that could have resulted in sanctions. However, the Court generously construes Plaintiff's motion to be about the substance of Defendants' discovery responses rather than whether he received any response at all. The Court understands that the discovery process can be confusing for pro se parties. The Federal Rules of Civil Procedure, however, allow for objections to discovery requests. *See, e.g.,* Fed. R. Civ. P. 33(b). When a requesting party disagrees with a discovery response, the remedy is to file a motion to compel a discovery response under Federal Rule of Civil Procedure 37. *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 954 (N.D. Ill. 2021) ("When a party provides incomplete or evasive disclosures, answers to interrogatories, or responses to requests to produce, the other party can seek to compel complete and non-evasive productions, answers, and responses."). Plaintiff has not done that here and the Court is therefore obliged to deny Plaintiff's motion for default judgment. The Court wishes

Page 8 of 12
Case 2:23-cv-00537-JPS   Filed 10/09/25   Page 8 of 12   Document 189

to emphasize that its ruling in no way condones any specific objection Defendants made to Plaintiff's discovery requests; these matters are not before the Court at this time, and the Court therefore does not comment on any individualized discovery request and the corresponding response. Plaintiff chose to make generalized complaints about Defendants' complete failure to respond to discovery requests and the record does not support Plaintiff's claim. As such, Plaintiff's motion for default judgment is denied. Plaintiff is warned that any future false statements to the Court will not be as generously interpreted and that he may be sanctioned going forward for similar conduct.

Next, the Court will deny Plaintiff's motion for sanctions on Attorney Jonathon Davies. ECF No. 180. Plaintiff accuses counsel of willfully lying to the Court about his actions. ECF No. 181 at 1. Plaintiff's motion is difficult to follow and makes conclusory allegations that counsel lied to the Court on various occasions. Throughout the course of this case, the parties have clearly disagreed about discovery issues and whether or not they met and conferred on different issues. Plaintiff again raises the issue that counsel refused to disclose discovery in the case. *Id.* at 2. As discussed above, it is clear from the record that Defendants have provided significant discovery to Plaintiff in this case. Plaintiff also raises issues related to Defendant Kind's alleged lies; again, the Court addressed this issue above and does not find any evidence at this juncture that Attorney Davies intentionally submitted false affidavits to the Court. Plaintiff also accuses Attorney Davies of fraudulently signing his name on the proposed joint statement of facts. *Id.* at 7. However, this document, found in Plaintiff's deposition exhibit, shows only a signature block and does not contain Plaintiff's signature. *See* ECF No. 149-1 at 9. As such, the Court does not

Page 9 of 12
Case 2:23-cv-00537-JPS     Filed 10/09/25     Page 9 of 12     Document 189

discern any concrete evidence that Attorney Davis lied to the Court. The Court accordingly will deny Plaintiff's motion for sanctions on this basis.

Additionally, the Court will deny Plaintiff's motion to strike Defendants' response to Plaintiff's motions. ECF No. 187. Plaintiff takes issue with Defendants combining responses to Plaintiff's motions. This argument is a nonstarter. Defendants timely and concisely responded to Plaintiff's three pending motions. The Court appreciates concise writing and streamlining issues where appropriate. The Court again encourages Plaintiff to focus on the substance of his case as opposed to "gotcha" litigation tactics such as this. The Court therefore denies Plaintiff's motion to strike Defendants' response.

Finally, at some point both parties have requested to extend the summary judgment deadline. *See* ECF Nos. 135, 183. Most recently, Defendants have specifically asked the Court to schedule a new dispositive motion deadline and to relieve the parties from its summary judgment requirements. ECF No. 183 at 4. The Court finds this request reasonable and the best course of action to get this case back on track at this point. Either party may refile summary judgment motions in accordance with the Federal Rules of Civil Procedure and Local Rules on or before **November 7, 2025**. The Court notes that Federal Rule of Civil Procedure 56 provides that the Court may consider a fact undisputed for purposes of a motion if a party fails to properly address another party's assertion of fact. Fed. R. Civ. P. 56(e). The parties should carefully review Federal Rule 56 and Civil Local Rule 56 to adequately prepare any response to a summary judgment motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to stay the case, ECF No. 135, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel discovery, Plaintiff's motion for sanctions for refusal to comply with discovery, Plaintiff's motion for sanctions for non-compliance, Plaintiff's second motion to compel, Defendants' motion for a combined response, and Plaintiff's motion for default judgment, ECF Nos. 137, 144, 147, 148, 160, 164, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to terminate deposition and strike from the record, ECF No. 139, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment, ECF No. 140, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend/correct motion for summary judgment, ECF No. 154, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's amended motion for summary judgment, ECF No. 155, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss or in the alternative for summary judgment, ECF No. 151, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions on Defendant John Kind, ECF No. 175, be and the same is hereby **DENIED**;

Page 11 of 12
Case 2:23-cv-00537-JPS    Filed 10/09/25    Page 11 of 12    Document 189

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment due to Defendants' refusal to comply with Court's June 11, 2025 order, ECF No. 179, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions on Attorney Jonathon Davies, ECF No. 180, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Defendants' response to Plaintiff's motions, ECF No. 187, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend the summary judgment deadline, ECF No. 135, be and the same is hereby **GRANTED**; the parties are relieved from the Court's summary judgment procedure; either party may refile summary judgment in accordance with the Federal Rules of Civil Procedure and the Local Rules on or before **November 7, 2025**.

Dated at Milwaukee, Wisconsin, this 9th day of October, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge